UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADRAKEOUS SONNY DEAN,<br>　　　　Plaintiff,<br>　　v.<br>MARIN COUNTY, et al.,<br>　　　　Defendants. | Case No. 22-cv-05224-JD<br><br>**ORDER RE SERVICE**<br>Re: Dkt. No. 2 |

Plaintiff, a detainee of uncertain custodial status, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion for a preliminary injunction. The Court ordered defendants to file an informal response to the motion for a preliminary junction. Defendants filed a response and plaintiff filed a reply. Plaintiff has also been granted leave to proceed in forma pauperis.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

It is not clear from plaintiff's filings whether he is a convicted prisoner or pretrial detainee. He alleges that defendants stopped his medication, and he is suffering withdrawal symptoms. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, "mere delay of surgery, without more, is insufficient to state a claim of deliberate

2

medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Where the inmate-patient is a pretrial detainee rather than a convicted prisoner, his rights derive from the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). That is, deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. Although a deliberate indifference test applies to a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a prisoner's claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

Plaintiff states that staff at Marin County Jail searched his cell and found medication. Defendant Luisa believed the medication was plaintiff's prescribed Suboxone and Subutex that is only to be taken in the presence of medical staff and not taken to his cell. Defendants Singh and Joey then discontinued the medication. Plaintiff states that there is no evidence that the medication found in his cell was Suboxone or Subutex. Plaintiff was not tapered down off the medication and is suffering severe withdrawal symptoms such as body aches, vomiting, frequent defecation, nausea, night sweats, depression, delirium and dehydration. His requests for medical

aid were denied by Joey, Singh and Luisa. He also alleges that he was the victim of retaliation. After engaging in a hunger strike, he was improperly kept in administrative segregation by defendant Husk. Plaintiff seeks money damages and injunctive relief. Liberally construed these allegations are sufficient to proceed.[1]

Plaintiff also filed a motion for a preliminary injunction to reinstate the Suboxone and Subutex. A preliminary injunction is an "extraordinary remedy" that a court should award only when a party makes a "clear showing" that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc*., 555 U.S. 7, 22, 24 (2008). To obtain a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See id.* at 20. The irreparable injury must be both likely and immediate. *See id*. at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

Defendants filed an informal reply to the motion for a preliminary injunction. Defendants state that plaintiff was receiving regular doses of Suboxine until staff discovered that he was hoarding the medication in paper bindles possibly for distribution to other inmates. Defendants note that inmates often put the medication in their mouth, let it dissolve and then spit it onto paper to dry and to preserve the medication for later use. Suboxine is orange and easily recognizable by medical staff. Plaintiff was the only person in his cell prescribed Suboxone. Defendants state that the discontinuation of plaintiff's medication was not punitive but based on medical need. Defendants did not address plaintiff's complaints of withdrawal symptoms or the treatment provided. Defendants also noted that plaintiff has not fully used the grievance process in the jail to resolve the dispute regarding continuing his medical care.

---

[1] While plaintiff appears to concede that he has not fully exhausted these claims, he contends that jail staff are interfering with his appeals which is preventing him from exhausting. Defendants can choose to raise the exhaustion issue in a dispositive motion.

4

Reviewing the filings by the parties, plaintiff has failed to meet his burden in showing that he is entitled to relief. At this stage, he has not shown a likelihood of success on the merits. The motion is denied without prejudice.

**CONCLUSION**

1. The motion for a preliminary injunction (Dkt. No. 2) is **DENIED** without prejudice.

2. The case will go forward against Marin County Jail, Marin County Jail Health Manager, Nurses Joey, Singh and Luisa and Deputy Husk. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the complaint (Dkt. No. 1) with attachments and copies of this order on Marin County Jail, Marin County Jail Health Manager, Nurse Joey, Nurse Singh, Nurse Luisa and Deputy Husk at Marin County Jail.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than fifty-six from the date of service, defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

   b. At the time the dispositive motion is served, defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

   c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendants no later than twenty-eight days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which

5

is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      d.      If defendants wish to file a reply brief, they shall do so no later than fourteen days after the opposition is served upon him.

      e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.      All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 14, 2022

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.